IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 98-13 Erie |
| | ) | |
| MICHAEL ANTHONY POINDEXTER | ) | |

**DEFENDANT MICHAEL ANTHONY POINDEXTER'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) WITH CITATION OF AUTHORITY**

AND NOW, comes the defendant, Michael Anthony Poindexter, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) with Citation of Authority, seeking a reduction in the sentence imposed in the above-captioned case on August 19, 1999.  This motion is based upon the within argument and authority, all files and records in this case, and such further argument and evidence as may be presented at the hearing on this motion.

## I.  INTRODUCTION

This Court sentenced Michael to a term of imprisonment of 140 months for an offense involving between 50 and 150 grams of cocaine base. This sentence was imposed pursuant to the Guidelines range as computed under the United States Sentencing Guidelines as they existed at that time.  Michael's base offense level as computed under § 2D1.1 of the Guidelines for a crack cocaine quantity of 50 to 150 grams was 32. After reducing the offense level 3 levels for acceptance of responsibility, Michael's adjusted offense level was 29.  With a Criminal History Category of VI, Michael's corresponding guideline imprisonment range would have been 151 to 188 months. Because Michael had two prior convictions for crimes of violence, the career offender enhancement from U.S.S.G. § 4B1.1 applied.  The base offense level under § 4B1.1 was

1

37, resulting in a total offense level of 34 after a 3-level reduction for acceptance of responsibility. An offense level of 34 and a criminal history category VI resulted in a guideline imprisonment range of 262 to 327 months. The government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Michael's substantial assistance. The Court granted the government's motion and imposed a sentence based on Michael's guideline range **without the career offender enhancement.** The Court imposed a sentence of 140 months of incarceration to be followed by 5 years of supervised release.

Subsequently, the United States Sentencing Commission amended §2D1.1 of the United States Sentencing Guidelines to decrease by two levels the offense levels applicable to specific weights of cocaine base (the ªCrack Amendmentº). See USSG, Supp. to App. C., Amdt. 706. This amendment generally reduces by two levels the base offense levels applicable to cocaine base. The Crack Amendment became effective November 1, 2007. Id.

The Crack Amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing Guidelines. See generally United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter ª2007 Sentencing Commission Reportº); United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb. 1995). See also Kimbrough v. United States, 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports). Yet the amendment is only a

partial response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, supra, at 10.

On December 11, 2007, the Sentencing Commission made the Crack Amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). The Sentencing Commission did this by including the amendment to § 2D1.1 in the list of retroactive amendments in § 1B1.10 of the guidelines, which took effect on March 3, 2008. See 73 Fed. Reg. 217-01 (2008); USSG § 2B1.10 (Supp. March 3, 2008).

On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this district who might be eligible for a reduction of sentence pursuant to 18 U.S.C. § 3282(c)(2) based upon the retroactive application of the Crack Amendment.

Based on the retroactivity of the Crack Amendment, the statutory authority underlying it, and the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005); Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007); and Kimbrough v. United States, supra, Michael brings this motion to reduce his sentence.

II.  Argument

**Michael's offense level should be reduced from 32 to 30, and the Guidelines range before application of the career offender enhancement reduced from 151 to 188 months to 130 to 162 months, based on the Amendment to § 2D1.1.**

Title 18, United States Code, section 3582(c)(2) states in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[1], upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the Guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. One of the amendments which is listed is Amendment 706, as amended by Amendment 711, to the guidelines is the Crack Amendment, which reduced the base offense level for crack cocaine offenses. See USSG § 2B1.10 (Supp. March 3, 2008).[2]

Because the Crack Amendment has been made retroactive and Anthony's sentence was based on a pre-Amendment drug quantity table, 18 U.S.C. § 3582(c) allows this Court to review

---

[1]   This statute provides that the Sentencing Commission "periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."  28 U.S.C. § 994(o). It further directs the Commission to "consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system." Id. It also provides that various representatives of the Federal criminal justice system shall submit their observations, comments, and questions to the Commission. See Id.

[2]   This amendment is not listed in the November 1, 2007 Guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. See United States Sentencing Commission News Release dated December 11, 2007, available at http://www.USSG.gov/PRESS/rel121107.htm. See also 73 Fed. Reg. 217-01 (2008).

and reduce, as warranted by the factors set forth in 18 U.S.C. § 3553(a), Michael's sentence. At the time of Michael's initial sentencing, his base offense level as computed under § 2D1.1 of the Guidelines for a crack cocaine quantity of 50 to 150 grams was 32. His offense level after a 3-level reduction for acceptance of responsibility was 29.

Application of the Crack Amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 32 to 30, and a decrease in the adjusted offense level from 29 to 27. As reflected in USSG, Ch. 5, Pt. A, with a criminal history category of VI, the resulting Guidelines term of imprisonment is now reduced from 151 to 188 months to 130 to 162 months. Due to the career offender guideline, Michael's final offense level remains 34 as the career offender guideline is not effected by the Crack Amendment. That does not mean, however, that Michael is not eligible for a reduction in his sentence.

The government filed a 5K1.1 motion for a downward departure based on Michael's substantial assistance, and this Court granted the motion. In determining the extent of the departure, this Court stated:

> But I am going to consider the 5K motion filed by the government. And what I'm going to do, which I think is fair to all concerned, is to **eliminate the criminal career designation.** Without that the guideline calls for a minimum of 140 months. And that is the sentence that we are going to impose here.

Defendant's Exhibit A, p. 17 (emphasis added). Michael is constrained to point out that the Court made an error in imposing the 140 month sentence. At the time of Michael's sentencing, the bottom of the applicable guideline range without the career offender enhancement was 151 months (offense level 29 and criminal history category VI results in a guideline range of 151 to 188). It appears the Court mistakenly looked at the bottom of the guideline range that applies to

an offense level 28 and criminal history category VI, which is 140 to 175 months. Be that as it may, the important point is that this Court based its sentence on the guideline range calculated based upon the amount of crack involved in the case rather than the guidelines as calculated by the career offender enhancement.

Given the Court's decision to impose a sentence at the bottom of the guideline range called for by the crack guideline, had the Court been aware at the time it was sentencing Michael that the sentence called for by the guidelines based solely on the amount of crack involved in the case were 130 to 162 months rather than 151 to 188 months, the Court would have imposed a sentence of 130 months. Under the unique facts of this case, Michael's sentence was based on a guideline range that has been reduced by the Sentencing Commission. Pursuant to § 3582(c)(2), if a defendant's sentence is based on a guideline range that has subsequently been lowered by the Sentencing Commission, the Court may reduce the defendant's sentence.

Michael is aware that this Court held in United States v. Boyd, 2008 WL 2537139 (W.D. Pa. 2008), that a § 3582(c)(2) reduction was not warranted when the defendant was subject to the career offender enhancement and the Court did not find that the career offender enhancement over represented the total offense level. The Court's reasoning in Boyd, however, is not applicable here.

In Boyd, this Court relied upon United States v. Rivera, 535 F.Supp.2d 527, 530 (E.D. Pa. 2008) to conclude that when a defendant is sentenced as a career offender under the sentencing guidelines the range he would have been subject to absent the career offender status is not relevant. Boyd, 2008 WL 2537139 at *2. In support of this proposition the Court quoted the following from Rivera:

6

> Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). **If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.**

Id. (quoting Rivera, 535 F.Supp.2d at 530) (emphasis added).

While Rivera's rationale may be correct in the run of the mill career offender case, it is not applicable here. In Michael's case we know that the Court **did** reach a comparison between Michael's sentencing range as calculated by the career offender guideline and the sentencing range as calculated without the career offender enhancement.

In Boyd, the Court distinguished United States v. Poindexter, 550 F.Supp.2d 578 (E.D. Pa. 2008), but Poindexter supports Michael's motion. In Poindexter the defendant was a career offender but at his original sentencing the district court had departed from the career offender guideline pursuant to § 4A1.3 and imposed a sentence within the range called for by the guidelines based solely on crack. Id. at 582. The defendant then filed a § 3582 motion seeking a reduction in his sentence because his sentence had been based on a guideline range subsequently lowered by the Sentencing Commission.

In granting the defendant's motion, Judge Dalzell acknowledged that, in the ordinary career offender case, a § 3582 reduction is not warranted because the sentence is based upon the career offender guideline which is not affected by the Crack Amendment. Poindexter, 550 F.Supp.2d at 580. But, Judge Dalzell recognized that in Poindexter the defendant's sentence had

7

not been based on the career offender guideline but rather was based on the crack cocaine guideline because the sentencing judge found the career offender guideline over-represented the defendant's total offense level. In these circumstances, Judge Dalzell concluded that

> [t]here can be no doubt that Section 2D1.1 "play[ed] a role" in Poindexter's guideline calculation. Indeed, in the end, it played a far more significant role than Section 4B1.1, the section that the Government argues Poindexter's sentence was based on. Further, if we ask what was "the range under which defendant was actually sentenced," we must conclude that Section 2D1.1 governed Poindexter's sentence.

Id. at 581. Judge Dalzell then held that "[b]ecause Poindexter's sentence is 'based on' a guideline that has been revised, we have discretion to reduce his sentence under 18 U.S.C. § 3582(c)(2)," and he reduced Poindexter's sentence accordingly. Id. at 582. The same result was reached in United States v. Nigatu, 2008 WL 926561 (D.Minn. 2008).

In this Poindexter case, there is no doubt that this Court used Michael's guideline range from § 2D1.1 to impose sentence. The Court explained that that was what it was doing when imposing sentence. Accordingly, just as in Poindexter and Nigatu, Michael's sentence of 140 months was "based on" a guideline that has been revised and this Court has the discretion to reduce Michael's sentence under § 3582(c)(2). The bottom of the recalculated crack guideline is 130 months. The Court should reduced Michael's sentence to 130 months.

Michael is incarcerated at FCI McKean, Bradford, Pennsylvania, with a projected release date of December 12, 2009. Michael has earned six certificates while in the custody of the Bureau of Prisons. He has earned certificates in AutoCad Vocational Training, Horticulture Vocational Training, Lift Truck Safety, Recreation Assistants Class, and Five Points to Food Safety all from the Bureau of Prisons. Additionally, Michael has earned a certificate from

Purdue University in Pest Management Technology. Michael completed this program with an overall rating of excellent. Copies of Michael's certificates are attached as Defendant's Exhibit B.

### III. Conclusion

Michael's sentence is based on a guideline range that has been lowered by the Sentencing Commission. Accordingly, the Court has the authority pursuant to 18 U.S.C. § 3582(c)(2) to reduce Michael's sentence. The Court should reduce Michael's sentence and impose a sentence of 130 months imprisonment followed by 5 years of supervised release. A proposed Order, in the form approved of by the Administrative Office of the United States Courts, is attached hereto.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender Attorney
I.D. No. 88653