IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
        v.                    )    Criminal No. 98-13 Erie
                              )
MICHAEL ANTHONY POINDEXTER    )

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2)

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

Poindexter was indicted on June 16, 1998, by a federal grand jury sitting in Erie, Pennsylvania. The indictment charged Poindexter with conspiring to distribute and distributing fifty (50) grams or more of cocaine base. On August 27, 1998, Poindexter entered a guilty plea to the sole count of the indictment.

Prior to the sentencing hearing on August 19, 1999, the government filed a motion pursuant to U.S.S.G. § 5K1.1 seeking a reduction in Poindexter's sentence. At the hearing, this Court specifically found the career offender sentencing guideline provisions to be applicable to Poindexter, which resulted in a guideline sentence range of 262 to 327 months imprisonment. At the

conclusion of the hearing, this Court granted the government's 5K motion and sentenced the defendant to 140 months imprisonment.

The defendant contends that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), and he claims that the retroactive amendments to the crack cocaine sentencing guidelines have reduced the guideline range that would have been applicable to his case at the original sentencing hearing. The United States submits that Poindexter is not entitled to relief because he was sentenced under the career offender provisions of U.S.S.G. § 4B1.1, and not under the provisions of § 2D1.1 which have subsequently been amended.

## ARGUMENT

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively

pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which generally reduced the base offense level for most cocaine base ("crack") offenses by two levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Poindexter's motion must be denied as it is clear that his sentence was based upon the career offender guideline and not the crack cocaine guideline. Numerous courts, including this Court in <u>United States v. Boyd</u>, 2008 WL 2537139, *2 (W.D. Pa. 2008)("The flaw in this argument, as pointed out by the government, is that Mr. Boyd was sentenced based upon his status as a career offender

3

and is therefore not entitled to a sentence reduction under Amendment 706"), have found that a defendant sentenced under the career offender guideline is not entitled to a sentence reduction under Amendment 706 because the applicable guideline range remains unchanged. See also, United States v. Thomas, 524 F.3d 889 (8th Cir. 2008); United States v. Rivera, 535 F.Supp.2d 527 (E.D. Pa. 2008); United States v. Biami, --- F.Supp.2d ---, 2008 WL 1869108 (E.D. Wis., Apr. 22, 2008); United States v. Gutierrez, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. McDougherty, 2008 WL 752597 (C.D. Cal. Mar. 18, 2008).

Here, Poindexter was clearly sentenced based upon the career offender guideline as that is the guideline the Court found applicable. At the sentencing hearing, after taking testimony in support of the government's 5K sentence reduction motion, the court stated:

> So we find initially that the appropriate offense level is 34, and the criminal history category is Roman numeral six. Thus the applicable guideline range is 262 to 327 months of imprisonment. . . .

(Transcript, Sentencing Hearing, August 19, 1999, p. 13)(Tr.). The court then noted again the following:

> Thank you. Well the way I view this thing is because of the number of offenses you've had, Mr. Poindexter, you are designated under the guidelines here what they call a career criminal. That brings the guidelines up considerably. As I mentioned before, the guidelines, without any 5K motion, they call

4

>   for 262 to 327 months of imprisonment.  That
>   is because of the career criminal designation.

Tr. pp. 16-17.

In the face of the clear application of the career offender guideline to his case, Poindexter's sole argument in support of his motion comes from the court's following comment when it granted the government's downward departure motion:

>   But I am going to consider the 5K motion filed
>   by the government.  And what I'm going to do,
>   which I think is fair to all concerned, is to
>   eliminate the criminal career designation.
>   Without that the guideline calls for a minimum
>   of 140 months.  And that is the sentence that
>   we are going to impose.

(Tr. p. 17).  Poindexter takes this comment out of context and claims that it is proof that he was not sentenced based upon the career offender guideline.  Poindexter is wrong.  He is a career offender today just as he was in 1999.  His sentence was based upon the career offender guideline and his reduction stemmed from the government's 5K motion, not from a reduction based upon the court's finding that the career offender designation significantly overstated the seriousness of his offense or the likelihood he would re-offend.  Although Poindexter claims to recognize this court's prior ruling in Boyd, he tries to distinguish it from the facts of this case. Again, Poindexter can only distinguish Boyd by mischaracterizing what happened in his own sentencing hearing. Only by taking the court's statement above out of context is

Poindexter able to argue that he wasn't sentenced as a career offender and therefore claim that <u>Boyd</u> is inapplicable. Coincidentally, Poindexter cites <u>United States v. Poindexter</u>, 550 F.Supp.2d 578, 580 (E.D. Pa. 2008), to support his proposition. However, for the same reasons that this court distinguished the <u>Poindexter</u> case in <u>United States v. Boyd</u>, it is equally distinguishable here. In <u>Poindexter</u>, the court granted a § 3582(c) reduction because, at the time of the original sentencing hearing, the court specifically found that the career offender provisions over-represented the defendant's criminal history and, therefore, he was not sentenced under the career offender guidelines. In <u>Poindexter</u>, because the career offender provisions were not applied, he was sentenced under U.S.S.G. § 2D1.1. Since the offense levels under § 2D1.1 have been retroactively reduced by Amendment 706, Poindexter was entitled to a § 3582(c) reduction.

In our case, with Michael Poindexter, the Court very clearly found that the career offender provisions applied to his case. The court did not believe that the career offender provisions over-represented the seriousness of Poindexter's criminal history, and in fact, cited the seriousness of his prior record throughout the sentencing hearing. When the court granted the government's 5K motion, all it did was to use what the guideline would have been without the career offender enhancement to calculate the degree to which it reduced the sentence below the

6

career offender guideline range.[1]  Poindexter was sentenced under the career offender provisions, and only because of a 5K motion was Poindexter able to get a lower sentence.  Even Judge Dalzell in the <u>Poindexter</u> case in the Eastern District recognized that a case such as we have here would be distinguishable.  Judge Dalzell stated "[w]ere we to find that Poindexter was sentenced under the career offender guideline, Amendment 706 would not apply to his sentence."  Again, this case is unlike that <u>Poindexter</u> case because here, Poindexter was in fact sentenced under the career offender provisions, he was just awarded a reduction for substantial assistance.  Other courts have rejected similar challenges.  <u>United States v. Rowland</u>, 2008 W.L. 2662462, *3 (E.D. Ark. 2008) ("[T]he fact that a Rule 35(b) motion was filed changes nothing.  Defendant remains a career offender sentenced under § 4B1.1 and ineligible for a sentence reduction."); <u>United States v. Strothers</u>, 2008 W.L. 2473686, *3 (W.D. Pa. 2008)("Accordingly, a finding pursuant to Section 4B1.1 that a defendant is a career offender and the calculation of his guideline range under that section remain in effect regardless of any amendment to Section 2D1.1.")

Other examples in the sentencing record support the

---

[1] If Poindexter is right that he was not sentenced under the career offender provisions, then he received no benefit at all from the government's 5K motion which the court granted.  Without the career offender guideline applying to his case, Poindexter would have faced a guideline range of 140 to 175 months. Since the court granted the 5K reduction motion, when it sentenced Poindexter to 140 months, it was obviously a reduction below the career offender provision.

7

position that Poindexter is not entitled to relief. After the court imposed the sentence of 140 months, the government questioned the court whether, without career offender, the defendant would have been in criminal history category V rather than category VI, thus posing the question whether the court meant to impose an even lower sentence. The court's response was as follows:

> Well, I think that is really immaterial as far as the legality of the sentence is concerned. I think in view of all the circumstances here 140 months is a fair sentence, and that is what we are going to do here.

(Tr. p. 18).

Finally, the court explained its reasons for imposing the sentence as follows:

> And the reasons for imposing the selected sentence are that we believe a sentence of 140 months based on a reduction because of the 5K motion by the government will adequately address the sentencing objectives of individual and general deterrence and punishment and protection of the community.

(Tr. p. 20). The record is clear that the court found that Poindexter was a career offender and that the sentencing guideline under which he was sentenced was the career offender guideline range of 262 to 327 months imprisonment. Since the career offender guideline range was not lowered by the retroactive amendment to U.S.S.G. § 2D1.1, the defendant is not entitled to a § 3582(c) reduction.

Even if the court believes that it has jurisdiction to

reduce the sentence, a sentence reduction is unwarranted. The court reduced the career offender sentence down to 140 months, because, after considering all of the facts and circumstances,[2] it was a fair and appropriate sentence. The appropriateness of the 140 month sentence reduction is not affected by the retroactive amendment of § 2D1.1. The career offender guideline range of 262 to 327 months imprisonment would apply to Poindexter today, and a sentence reduction comparable to the 5K reduction he previously received would obviously result in the same sentence. No reduction is warranted.

WHEREFORE, the government respectfully requests that the Court deny Poindexter's motion for a sentence reduction.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362

---

[2] The record reflects that the support for the 5K reduction was minimal. The government witness indicated that, on a scale of one to ten, the defendant's overall cooperation was merely a one (Tr. p. 7).