IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No. 98-13 Erie |
| ) | |
| MICHAEL ANTHONY POINDEXTER ) | |

DEFENDANT MICHAEL ANTHONY POINDEXTER'S REPLY TO THE
GOVERNMENT'S RESPONSE TO HIS MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2) WITH CITATION OF AUTHORITY

AND NOW, comes the defendant, Michael Anthony Poindexter, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Reply to the Government's Response to his Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) with Citation of Authority, seeking a reduction in the sentence imposed in the above-captioned case on August 19, 1999.

The government claims that Michael's motion for reduction of his sentence mischaracterized what happened at his sentencing by allegedly taking this Court's statements out of context. Gov. Response at p. 5. Luckily for Michael, the transcript of his sentencing hearing is crystal clear. After granting the government's motion for a reduction in Michael's sentence made pursuant to U.S.S.G. § 5K1.1, this Court said the following:

> But I am going to consider the 5K motion filed by the government. And what I'm going to do, which I think is fair to all concerned, **is to eliminate the criminal career designation. Without that the guideline calls for a minimum of 140 months. And that is the sentence that we are going to impose.**

(Tr. P. 17) (emphasis added). Michael is at a loss as to how anyone reading the transcript of his sentencing hearing can come to any conclusion other than this Court based Michael's sentence on the crack cocaine guideline applicable to Michael. There is no taking this passage out of context

1

or mischaracterization. The Court abandoned the career offender guideline and used Michael's crack guideline to impose sentence. That is simply a fact.

The government attempts to distinguish United States v. Poindexter, 550 F.Supp.2d 578 (E.D. Pa. 2008) on the basis that the departure in Poindexter was based upon § 4A1.3 and the departure at issue in this case was based on § 5K1.1. But the basis for the departure is of no moment. The critical question for purposes of 18 U.S.C. § 3582(c)(2) is whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In Poindexter, Judge Dalzell found the defendant eligible for a reduction in sentence pursuant to § 3582(c)(2) because in granting the defendant's motion for downward departure pursuant to § 4A1.3, the sentencing judge selected the crack guideline as setting the appropriate sentence.

> The Government offers no alternative explanation of Judge Waldman's choice of offense level 27 to counter Poindexter's contention that it came directly from U.S.S.G. 2D1.1. Thus, we are left to conclude either that Judge Waldman's sentence was simply plucked from the air or that it came from Section 2D1.1. Our only reasonable conclusion from the record left us is that our late colleague, finding that the career offender guideline unfairly overestimated the likelihood of Poindexter's recidivism, chose to sentence him under what would otherwise have been the pertinent guideline, to wit, U.S.S.G. 2D1.1.

Poindexter, 550 F.Supp.2d at 582. The important point in Poindexter was not that the sentencing judge's departure was based upon § 4A1.3 rather than some other guideline section. The important point in Poindexter was that a review of the record revealed that case the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission.

In this case, the Court has the authority to reduce Michael's sentence because in granting

2

the § 5K1.1 motion it decided to use Michael's crack guidelines to set the appropriate sentence. Section 3582(c)(2) does not ask **why** a sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission; it looks solely to whether the defendant **was** sentence based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.  Here, Michael's sentence was based on his crack guideline and that guideline has been lowered by the Sentencing Commission.  Accordingly, Michael is eligible for a sentence reduction.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender Attorney
I.D. No. 88653