IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL ANTHONY POINDEXTER )<br>) | Criminal No. 98-13 Erie |

## MEMORANDUM OPINION

The defendant, Michael Anthony Poindexter, filed the instant Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) with Citation of Authority on July 23, 2008. In consideration of the defendant's motion, the government's response, the defendant's reply thereto, and for the following reasons, the defendant's motion will be granted.

An indictment was filed against the defendant on June 16, 1998, charging him with conspiring to distribute and distributing fifty (50) or more grams of cocaine base. (Doc. No. 1). The defendant then entered a plea of guilty on August 27, 1998. (Doc. No. 18). A sentencing hearing was held before me on August 19, 1999. (Doc. No. 39). At the hearing, I imposed a sentence of 140 months of imprisonment and a term of supervised release of five years. (Doc. No. 40).

Based on the presentence report and guidelines calculations, I found that, initially, the appropriate offense level was 34, with a criminal history category of VI. (Doc. No. 48, p. 13 at 18-20). I therefore found that the defendant's applicable guideline range was 262 to 327 months of imprisonment. (Doc. No. 48, p. 13 at 20-21). This calculation was based upon the defendant's designation as a "career offender" under the Sentencing Guidelines §4B1.1. (Doc. No. 48, p. 16 at

22-25; p. 17 at 1-3). Additionally, however, the government filed a 5K1.1 motion based on the defendant's cooperation with the government, which I granted. (Doc. No. 47, p. 17 at 11-14). In granting the government's 5K motion, I consulted the Sentencing Guidelines §2D1.1 and calculated what the defendant's guideline range would have been without the career offender designation. (Doc. No. 48, p. 17 at 11-16). In doing so, I found as follows:

> So we find initially that the appropriate offense level is 34, and the criminal history category is Roman numeral six. Thus the applicable guidelines range is 262 to 327 months of imprisonment. Mr. Poindexter would be ineligible for probation. Supervised release of five years. A fine in the range of 17, 500 to 4,000,000 dollars. And a special assessment of 100 dollars.
> The government has however presented a 5K1.1 motion based on certain cooperation which the government received from Mr. Poindexter. And we are taking that into consideration.

(Doc. No. 48, p.13 at 18-25; p.14 at 1-3). I further stated:

> ... [B]ecause of the number of offenses you've had, Mr. Poindexter, you are designated under the guidelines here what they call a career criminal. That brings the guidelines up considerably. As I mentioned before, the guidelines, without any 5K motion, they call for 262 to 327 months of imprisonment. That is because of the career criminal designation.
> ... But I am going to consider the 5K motion filed by the government. And what I'm going to do, is to eliminate the criminal career designation. Without that the guideline range calls for a minimum of 140 months. And that is the sentence we are going to impose here.

(Doc. No. 48, p. 16 at 22-25; p. 17 at 1-5, 11-16).

The defendant now moves for a reduction of his sentence under 18 U.S.C. §3582(c)(2), based on the recent changes to the Sentencing Guidelines concerning crack cocaine. On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses resulting

2

in lower guideline offense levels for defendants facing sentencing for crack offenses than they would have faced before the Amendment. Section 3582(c)(2) permits a district court to retroactively reduce the terms of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. §1B10(c).

However, when a defendant has been sentenced as a career offender a Court does not, in all cases, have the power to simply apply the retroactive guidelines and impose a reduced sentence. Section 3582(c)(2) permits a retroactive reduction in sentence to defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..." 18 U.S.C. §3582(c)(2). Similarly, section 1B1.10(a)(1) of the Guidelines permits a retroactive reduction in sentence if "the guideline range applicable to []defendant has been ... lowered as a result of an amendment to the Guidelines Manual listed in subsection c ... ." U.S.S.G. §1B1.10(a)(1). Finally, section 1B1.10(a)(2)(B) of the Guidelines states that a reduction in a defendant's sentence is not authorized where the amendment in question, in this case Amendment 706, "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B).

In his motion, the defendant argues that he is entitled to a retroactive reduction pursuant to §3582(c)(2) because I did not sentence him based on the career offender guidelines under §4B1.1. He argues, rather, that after granting the government's 5K motion, I computed his base offense level under §2D1.1 of the Guidelines. (Doc. No. 75 at 1-8) ("[T]here is no doubt that this Court used [the defendant's] guideline range from §2D1.1 to impose sentence. ... [The defendant's sentence of 140 months was 'based on' a guideline range that has been revised and this Court has

3

the discretion to reduce [the defendant's] sentence under §3582(c)(2)).

In response, the government contends that the defendant is not entitled to a reduction in his sentence pursuant to the changes in the sentencing guidelines, insofar as he was sentenced as a career offender, pursuant to the career offender guidelines, U.S.S.G. §4B1.1, which have not been lowered as a result of Amendment 706. (Doc. No. 79 at 4).

In determining whether a defendant is entitled to a reduction in sentence pursuant to §3582(c)(2), as the statute states, an essential part of the inquiry is whether the defendant's original sentence was "based on" a sentencing range that has been lowered by the amendments. *See United States v. Poindexter*, 550 F.Supp. 2d 578 (E.D. Pa. 2008). In this case, I agree with the defendant that the sentence I imposed of 140 months was not "based on" the career offender guidelines. Rather, in imposing the sentence, I calculated what the defendant's guideline range would have been, but for the career offender designation. (Doc. No. 48, p. 16 at 22-25; p. 17 at 1-5, 11-16). Without the career offender designation, the defendant's guideline range would have been calculated under §2D1.1 of the Guidelines. Admittedly, I miscalculated and found that the guideline range under §2D1.1 called for a minimum of 140 months. As the defendant points out, this would have been the bottom of the guideline range for an adjusted offense level of 28. (Doc. No. 75 at 5-6). The defendant's adjusted offense level, however, was 29. Therefore, with an offense level of 29, the guideline range under §2D1.1, called for a minimum of 151 months of imprisonment and a maximum of 188 months imprisonment. Because I calculated the defendant's sentence under §2D1.1, he is entitled to a reduction in his sentence based on the crack cocaine amendments. 18 U.S.C. §3582(c)(2); U.S.S.G. 1B1.10(a)(1).

While the government argues that the instant case is similar to the *United States v.*

4

*Boyd*, Crim. No. 01-29E, 2008 WL 2537139 at *2 (W.D. Pa. June 23, 2008), in which I found that the defendant was not entitled to a sentence reduction pursuant to §3582(c)(2), the *Boyd* scenario is distinguishable from this case. Specifically, in *Boyd* I found that the defendant was not entitled to the reduction because his original sentence was based on the career offender guidelines. The sentence I imposed, in that case, was lowered as a result of the government's 5K motion, but the important distinction is that, even in granting that motion, the sentence I imposed was calculated from the career offender guidelines. *See Boyd*, 2008 WL 2537319 at *2 (citing *United States v. Rivera*, 535 F.Supp. 2d 527, 530 (E.D. Pa. 2008)). As I noted in *Boyd*, Courts have held that, in order for a District Court to be able to grant a defendant designated as a "career offender" the reduction in sentence under §3582(c)(2), in imposing sentence, that Court had to have found that the career designation over represented the defendant's criminal history, and, as a result, based the defendant's sentence on a different guideline range. *Id.* (citing *Rivera*, 535 F.Supp. 2d at 530 and *United States v. Poindexter*, 550 F.Supp. 2d 758 (E.D. Pa. 2008)). Because I did not find that the defendant's career offender designation over represented his criminal history in that case, and because the sentence imposed was, therefore, based on the career offender guidelines, the defendant was not entitled to the reduction.

Here, however, in imposing a sentence, I clearly drew a "comparison between defendant's sentence under §4B1.1 and the sentence that would apply if another criminal history category were used." *Rivera*, 535 F.Supp.2d at 530. (Docket No. 48, p. 17 at 12-16) ("And what I'm going to do, is to eliminate the criminal career designation. Without that the guideline range calls for a minimum of 140 months. And that is the sentence we are going to impose here.") I both granted the government's 5K motion and found the career offender designation to be inappropriate in this

case and sentenced the defendant accordingly. I imposed a sentence based on the drug quantity guidelines from §2D1.1, as opposed to the career offender guidelines.

Coincidently, this Poindexter case is more directly on point with the issue in *United States v. Poindexter*, 550 F.Supp. 2d 578 (E.D. Pa. 2008). In that case, the Court found that, although the defendant had been designated a career offender, the Court had discretion to grant his §3582(c)(2) motion because the original sentence imposed was calculated based on the crack cocaine guidelines, §2D1.1, as opposed to the career offender guidelines. *Poindexter*, 550 F.Supp. 2d at 581 (citing *United States v. Biami*, 548 F.Supp. 2d 661, 664 (E.D. Wis. 2008)) ("There can be no doubt that Section 2D1.1 played a role in Poindexter's guideline calculation. Indeed, in the end, it played a far more significant role than Section 4B1.1 ... Further, if we ask what was the range under which defendant was actually sentenced, we must conclude that Section 2D1.1 governed Poindexter's sentence.") In this case, as in *Poindexter*, the drug quantity guidelines, §2D1.1 played a far greater role in determining the defendant's sentence than §4B1.1, as I imposed sentence based on §2D1.1. Because §2D1.1 has subsequently been amended, it is within my discretion to reduce the defendant's sentence.

I will grant the defendant's motion and reduce his sentence based on the amended guideline ranges. Under the amended guidelines, the defendant's base offense level would be reduced from 32 to 30, and his adjusted offense level, as a result of the defendant's acceptance of resposibility, would be reduced from 29 to 27. With an offense level of 27 and a criminal history category of VI, the defendant's applicable guideline range would be 130 to 162 months in prison. In consideration of the applicable recalculated guideline range, the defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §2582(c)(2), and in consideration of the factors set forth in 18

U.S.C. §3553(a), I will grant the defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and impose a sentence of 130 months of imprisonment.

### **ORDER**

AND NOW, to-wit, this 5th day of February, 2009, it is hereby ORDERED, ADJUDGED and DECREED that the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc.75) be and hereby is GRANTED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:     Counsel of record